Robert COLBY

v.

YORK COUNTY COMMISSIONERS,
Paul R. Reny, J. Peter Dennett and
Andrew Frechette.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1982.

Decided March 12, 1982.

Zbigniew J. Kurlanski (orally), Portland, for plaintiff.

Gene Libby, Dist. Atty. (orally), John R. Kugler, Asst. Dist. Atty., Alfred, for defendant.

Before McKUSICK, C.J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Plaintiff appeals from an order of the Superior Court, York County, which dismissed the first count of his complaint as untimely filed and granted summary judgment in favor of the defendants on the second count. We deny the appeal, affirming the dismissal of count I and with regard to count II although we find the granting of summary judgment to be in error, we remand with instructions to dismiss since count II was also untimely filed.

## Procedural Background

The complaint avers that plaintiff served as a York County Deputy Sheriff for six years, and was discharged on June 19, 1978 by the Sheriff for misconduct and failure to follow departmental policy. Asserting that his dismissal was without cause, plaintiff sought an investigation by the York County Commissioners, pursuant to 30 M.R.S.A. § 951 (1978).[1] Plaintiff alleges that the investigation was held in executive session notwithstanding his request in writing that the investigation be held in open session pursuant to the freedom of access provisions set forth in 1 M.R.S.A. § 405(6)(A)(3) (1979). Plaintiff and his counsel were allowed to be present only during the portion of the investigation at which plaintiff testified. The Commissioners affirmed plaintiff's discharge by letter on September 5, 1978.[2] On August 11, 1980, nearly two years after the decision of the Commissioners, plaintiff filed a complaint in Superior Court naming the Commissioners as defendants and challenging their decision. Count I of plaintiff's complaint asserted jurisdiction under 1 M.R.S.A. § 409(2) (1979) (freedom of access) and 14 M.R.S.A. § 6051(13) (1980) (general equity jurisdiction) and alleged that defendants' decision was arbitrary and capricious and an abuse of discretion on the following grounds: failure to hold a public hearing, lack of competent evidence to support the decision, refusal to allow plaintiff to examine witnesses and introduce evidence, and exclusion of the plaintiff from the proceedings. Under this first count plaintiff sought reinstatement, back pay, and counsel fees. Count II, relying on the same factual assertions, sought redress for the alleged

---

1. The relevant portion of the statute provides as follows:

    The sheriff may dismiss, suspend or otherwise discipline a deputy during the term of his appointment only for cause. In every case of dismissal, suspension or other disciplinary action, at the request of the deputy, the county commissioners or county personnel board, if one has been established under subchapter VII, shall investigate the circumstances and fairness of the action, and, if it finds the charges unwarranted, shall order the reinstatement of the deputy to his former position with no loss of pay, rights or bene-

fits resulting from the dismissal, suspension or disciplinary action. Cause for dismissal, suspension or disciplinary action shall be a just, reasonable, appropriate and substantial reason for the action taken that relates to or affects the ability, performance of duties, authority or actions of the deputy or to the public's rights or interest.

2. These are the facts contained in the pleadings and agreed upon by the parties in their briefs. There is no record of the proceedings before the Commissioners or their decision.

violation of due process rights and requested a declaration that the Commissioners' action be declared null and void and sought actual and punitive damages together with counsel fees.

Defendants set forth affirmatively in their answers the issue of the timely filing of both counts of plaintiff's complaint. In their subsequent motion, only the dismissal of count I was sought as untimely under M.R.Civ.P. 80B. As to count II defendant moved to dismiss on the basis of quasi-judicial immunity and failure to state a claim. Defendants' motion was supported by a memorandum of law to which an affidavit of counsel was appended as Exhibit A. Plaintiff filed a memorandum of law in response to defendants' motion, but did not file any counter-affidavits.

The Superior Court ruled that count I was governed by M.R.Civ.P. 80B and dismissed the claim because plaintiff had failed to file it within thirty days after notice of the Commissioners' action. With respect to count II the court considered counsel's affidavit as a matter outside the pleading and treated the motion as one for summary judgment in accord with M.R. Civ.P. 12(b). The court found that defendants' affidavit, unrefuted and unobjected to by plaintiff, was sufficient to negate the existence of any triable issue of fact. Finding as a matter of law no violation of plaintiff's constitutional rights, the court granted summary judgment in favor of defendants on count II.

## I.

Plaintiff filed his complaint nearly two years after the Commissioners issued their affirmation of his dismissal. The Superior Court treated count I of the complaint as a petition for review of governmental action and dismissed it because it was not filed within thirty days as provided in M.R.Civ.P. 80B(b):

The time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b), and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred.

Plaintiff's initial argument is easily resolved. He contends that the thirty day limitation is not applicable and relies on 1 M.R.S.A. § 409(2)[3], which provides appeals from actions of governmental bodies taken in executive session. Plaintiff gains nothing here, however, since Section 409(2) does not provide a time limit for the bringing of such actions. The limitations supplied by M.R.Civ.P. 80B apply to the review of the commission proceedings in executive session and the action was not timely filed under Section 409(2).

Plaintiff further asserts that collateral equitable relief from the denial of the public investigation was available to him and that he therefore escapes the time requirements. Defendants counter that such an action is barred because direct review of the decision of an administrative body, as provided in 1 M.R.S.A. § 409(2), is intended to be exclusive unless such a review is inadequate and will cause the party irreparable injury. Also included in count I, but not specifically discussed in plaintiff's brief, is a claim for review of the decision of the Commissioners based on their investigation under 30 M.R.S.A. § 951. Section 951 provides no statutory authorization for judicial review.

Against the foregoing backdrop of conflicting arguments, this Court must decide

**3.** The relevant portion of Section 409(2) provides:

If any body or agency approves any ordinances, orders, rules, resolutions, regulations, contracts, appointments or other official action in an executive session, this action shall be illegal and the officials responsible shall be subject to the penalties hereinafter provided. Upon learning of any such action, any person may appeal to any Superior Court in the State. If a court, after a trial de novo, determines this action was taken illegally in an executive session, it shall enter an order providing for the action to be null and void.

whether count I is controlled by M.R.Civ.P. 80B and thus time barred, or whether it appropriately invokes an independent basis for relief. Rule 80B provides a procedural avenue for those disputes in which the courts have jurisdiction to review administrative action by virtue of statutory provision or substantive review previously available through the use of extraordinary writs. (P.L. 1967, ch. 441 § 7 and the accompanying amendment of M.R.Civ.P. 81(c) accomplished the procedural abolition of the extraordinary writs). An action premised on either source is subject to the time requirements of Rule 80B(b). If an action is timely filed within thirty days of an administrative decision, there is little significance to a determination of the precise basis for jurisdiction. However, in the present circumstance where the action is filed after the expiration of thirty days, the existence of an independent basis for judicial intervention or an exception to the exclusivity of direct review is crucial. Count I of the plaintiff's complaint presents even further difficulty since it rests in part upon 1 M.R. S.A. § 409 which provides for judicial review, and also upon 30 M.R.S.A. § 951 which makes no provision for judicial review. Plaintiff seeks to invoke the general equitable jurisdiction of the court, 14 M.R. S.A. § 6051(13) (1980) to deal with both.

In *Fisher v. Dame*, Me., 433 A.2d 366, 372 (1981), after an extensive review of earlier decisions, this Court formulated the principle of exclusivity as follows:

> The principle that emerges from these cases is that when a legislative body has made provision, by the terms of a statute or ordinance, for a direct means by which the decision of an administrative body can be reviewed in a manner to afford adequate remedy, such direct avenue is intended to be exclusive. Resort to the courts by alternative routes will not be tolerated, subject only to an exception for those circumstances in which the course of "direct appeal" review by a court is inadequate and court action restricting a

party to it will cause that party irreparable injury.

Exclusivity of remedy is not confined to review based upon statute and reason does not suggest to the contrary. Review authorized by statute and review by extraordinary writ have been combined under one procedural umbrella to afford prompt, effective, expeditious and direct judicial review of administrative action.[4] When direct review is available pursuant to Rule 80B it is exclusive unless inadequate. Accordingly we must determine whether direct review is available and the adequacy of that review.

Count I includes three claims: (1) denial of public investigation (1 M.R.S.A. § 409); (2) decision based on incompetent evidence (30 M.R.S.A. § 951); and (3) denial of right of cross-examination, presentation of evidence and presence during the proceedings.

Defendants concede correctly that the proceedings were subject to the freedom of access law, 1 M.R.S.A. §§ 401–410 (1979). Direct review of a claimed denial of public investigation is clearly provided under 1 M.R.S.A. § 409(2), and the Superior Court is empowered after trial *de novo* to order that the administrative action be null and void. While the investigatory procedure established under 30 M.R.S.A. § 951, does not by its own terms, provide for direct review of the ultimate decision or the procedure employed in reaching that decision, other provisions of the law reach that result. The "investigation" under Section 951 is in fact a "hearing", *see Carter v. Wilkins*, 160 Me. 290, 203 A.2d 682 (1964), and as such comes within the purview of freedom of access. 1 M.R.S.A. § 402(2)(C) clearly provides that proceedings before the County Commissioners are public proceedings and therefore the requirement of a record is imposed by Section 407(2):

> *Dismissal or refusal to renew contract.* Every agency shall make a written record of every decision involving the dismissal or the refusal to renew the contract of

---

4. It is worth noting that plaintiff's freedom of access complaint, if timely filed, would have taken priority in scheduling over all other ac-

tions except writs of habeas corpus and actions by the state. *See* 1 M.R.S.A. § 409(2).

any public official, employee or appointee. The agency shall, except in case of probationary employees, set forth in the record the reason or reasons for its decision and make findings of fact, in writing, sufficient to appraise the individual concerned and any interested member of the public of the basis for the decision. A written record or a copy thereof shall be kept by the agency and made available to any interested member of the public who may wish to review it.

Presumably in the instant case there was no record. However, had plaintiff availed himself of the relief provided by Rule 80B, he could have compelled the preparation of a record, including a new hearing if necessary, as he might have under the now abolished process of mandamus. Once the requirement of a record was enforced, Rule 80B would also have provided the mechanism for judicial review of the decision and the procedure employed in reaching that decision since it has subsumed the extraordinary writ of certiorari. The court would then have been appropriately situated to scrutinize the record for error, and if error were found the court could reverse, vacate, or modify the decision accordingly. *See Carter v. Wilkins*, 160 Me. 290, 203 A.2d 682 (1964). In short, plaintiff's entire request for relief could have been adequately remedied through the process of direct review.

## II.

We now turn to count II. Initially we noted that defendants did not move to dismiss this count as untimely but, rather, sought dismissal on the basis of quasi-judicial immunity and failure to state a claim. The trial court committed error in granting summary judgment. Defendants filed an affidavit as part of their memorandum in support of their motion and the court treated the motion to dismiss as one for summary judgment under M.R.Civ.P. 56. Plaintiff contends that defendants' affidavit attached to a memorandum of law was not a matter outside the pleadings for purposes of converting the motion to dismiss into a motion for summary judgment because it is merely a recitation of counsel's appraisal of

certain facts concerning the hearing before the Commissioners. *Westman v. Armitage*, Me., 215 A.2d 919 (1966), establishes that matters presented outside the pleadings must satisfy the requirements of M.R.Civ.P. 56(c) in order to effectuate the conversion of a motion to dismiss to one for summary judgment. An affidavit can support a motion for summary judgment if it is made on personal knowledge and shows affirmatively that the affiant is competent to testify to the matters stated therein. The affidavit submitted by defendants was signed by the attorney for the defendants, who stated various facts about the Commissioners' investigation "to the best of my knowledge and belief." In the present context an affidavit is legally insufficient if it is not made on the personal knowledge of the affiant. *Lindsley v. Lindsley*, Me., 390 A.2d 512 (1978). Also an affidavit made according to the best of the affiant's knowledge and belief is insufficient if the affidavit does not show affirmatively that the affiant had personal knowledge of the matters related therein. *Bird v. Town of Old Orchard Beach*, Me., 426 A.2d 370 (1981). The attorney's affidavit does not state that he was present at the hearing he describes. Since his personal knowledge is not obvious from the affidavit, the affidavit is legally insufficient under Rule 56. Therefore, it becomes no more than facts stated in a brief or part of a legal memorandum in support of a motion to dismiss, neither of which is a sufficient matter outside the pleadings to accomplish the conversion to a motion for summary judgment. *Nadeau v. State*, Me., 395 A.2d 107 (1978); *Westman v. Armitage*, Me., 215 A.2d 919 (1966).

Notwithstanding the erroneous granting of summary judgment, plaintiff takes nothing from count II since it suffers from the same infirmities as count I. The factual allegations set forth are identical to count I but are characterized as a denial of due process. The relief sought is a declaration of nullity together with damages. Our remarks concerning the exclusivity of direct review apply with equal force to this alternate formulation of plaintiff's claim and it too suffers from an untimely filing. De-

fendants raised affirmatively noncompliance with Rule 80B(b) time limits in their answer but did not raise it in their motion to dismiss count II. Such time limitations for review are cognizable on appeal, particularly when raised by the pleadings. Thus, count II requires dismissal as untimely filed under Rule 80B.

The entry is:

Dismissal of count I of plaintiff's complaint is affirmed.

Summary judgment on count II rendered in favor of the defendants is vacated. Remanded with directions to the Superior Court to enter a dismissal of count II in accord with this opinion.

All concurring.