Richard P. HASKELL

v.

C. Wesley PHINNEY, Jr., et al.

Supreme Judicial Court of Maine.

Argued May 3, 1983.

Decided May 26, 1983.

Herbert H. Bennett & Associates, P.A., Lawrence C. Winger (orally), Portland, for plaintiff.

Gene Libby, Dist. Atty., Janmarie Toker (orally), Asst. Dist. Atty., Alfred, for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

CARTER, Justice.

Appellant appeals the denial of his Rule 15(a) motion to amend Count I of his complaint; the M.R.Civ.P. 12(b)(6) dismissal of Count I of his complaint, which was based on 42 U.S.C. § 1983; and the dismissal for want of prosecution of Count II of his complaint, which sought Rule 80B review of his employment termination. Because we conclude that the dismissal of Count I of the complaint was improper, we vacate that portion of the judgment and remand for further proceedings. We affirm the dismissal of Count II of the complaint.

## I. Facts and Procedure

### A. Commissioners' Decision

On November 23, 1981, the appellee, Phinney, York County Sheriff, suspended

indefinitely and without pay the appellant, Haskell, from his job as Jail Administrator of the York County Jail and as Deputy Sheriff in the York County Sheriff's Department. Haskell received no notice, hearing, or explanation prior to the suspension. Two deputy sheriffs told Haskell two hours after his suspension that the basis of the suspension was that he had submitted fraudulent expense vouchers between January, 1981 and July, 1981. Haskell contends that the suspension was based on Phinney's improper political motives.

Haskell appealed the Sheriff's disciplinary action, pursuant to 30 M.R.S.A. §§ 64–A(3) and 951 (Supp.1981–1982), seeking reinstatement and back pay. A hearing before the York County Commissioners was held on December 14, 1981. Both parties were present and offered testimony. In their order, the Commissioners stated that because deputy sheriffs can be dismissed only for cause, pursuant to 30 M.R.S.A. § 64–A(3), the Commissioners reviewed Sheriff Phinney's action to determine a "just, reasonable, appropriate and substantial reason" for the disciplinary action. The Commissioners found that Haskell submitted, and was reimbursed for, expense vouchers for mileage for 91 trips between his residence and the York County Jail between January, 1981 and July, 1981. Haskell testified that he made the trips to perform security checks at the jail and, occasionally, to complete his administrative duties.

From the testimony of Phinney and ten other deputy sheriffs in supervisory positions and based on the correctional logs for the York County Jail submitted in evidence, the Commissioners found that Haskell had, in fact, made only 38 verified trips during the period. The Commissioners determined that it was "inconceivable" that Haskell's visits to the secured area of the jail could have gone unnoticed by other personnel, considering the jail procedure for entering the secured area, the closed circuit cameras that monitor all positions in the jail, and the fact that the alleged purpose of some of Haskell's unverified 52[1] visits was to make his presence known.

The Commissioners found substantial evidence to support Phinney's contention that Haskell did not visit the jail on those 52 occasions. Further, because submission of the fraudulent expense vouchers violated Phinney's trust in Haskell, violated the public interest of the citizens of York County, and seriously jeopardized authority and action with subordinate jail personnel, the Commissioners found substantial evidence to support the Sheriff's action. The Commissioners did, however, restore Haskell's full pay from his suspension date, November 23, 1981, until December 14, 1981, the hearing date, because Haskell had not been officially notified of the basis of the disciplinary action. With that modification, Haskell's indefinite suspension was affirmed by the Commissioners, by a vote of 2 to 1.[2]

### B. *Count I*

On January 22, 1982, Haskell filed a two count complaint in Superior Court (York County) seeking damages from Phinney and M.R.Civ.P. 80B review of the Commissioners' decision. Count I named Phinney as defendant. The substance of the Count I allegations, based on 42 U.S.C. § 1983, provided:

8. The Plaintiff and Defendant C. Wesley Phinney, Jr. are persons within the meaning of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, within the meaning of 42 U.S.C. § 1983, and within the meaning of the Maine Constitution. This Count is asserted under the authority of 42 U.S.C. § 1983.

9. On November 23, 1981, Defendant C. Wesley Phinney, Jr. wrongfully indefi-

---

1. We note that 38 and 52 do not equal 91.

2. In support of his contention that his suspension was politically motivated, Haskell notes that the two Commissioners affirming the Sheriff's action were Democrats and the dissenting Commissioner was a Republican. Haskell never explains the significance of these party affiliations.

nitely suspended Plaintiff from Plaintiff's position as Jail Administrator of the York County Jail. This action by Defendant C. Wesley Phinney, Jr. was motivated by unlawful and improper political motives, to wit: a desire to discriminate against the Plaintiff in order to prevent or attempt to prevent the Plaintiff from running against Defendant C. Wesley Phinney, Jr. in the Republican primary election for the office of Sheriff of York County. Said action of Defendant C. Wesley Phinney, Jr. violates the Plaintiff's civil rights, including the Plaintiff's rights of freedom of speech, political belief, and association under the First Amendment of the United States Constitution.

Haskell demanded against Phinney $50,000 in compensatory damages, $50,000 in punitive damages, attorney's fees, interest, and costs.

On March 2, 1982, the defendants moved, pursuant to M.R.Civ.P. 12(b)(6), to dismiss Count I. Plaintiff filed a memorandum opposing the motion on March 24, 1982. On April 12, 1982, hearing on the motion to dismiss Count I was held in Superior Court (York County); plaintiff's counsel was unable to attend the hearing. In his order of April 13, 1982, the justice ruled that under *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the plaintiff had failed to state a "cause of action"[3] under 42 U.S.C. § 1983. Defendants' motion to dismiss was granted.

On April 20, 1982, Haskell filed a motion for reconsideration of the granting of the motion to dismiss. He argued that the motion should not have been granted simply because his counsel was not present and that the granting of the motion was erroneous as a matter of law. Haskell also moved for leave to amend the complaint. Finally,

he moved, in the alternative, for a direction of final judgment on Count I to allow an appeal of the dismissal. The justice denied the motion on November 16, 1982.

### C. *Count II*

Count II of Haskell's complaint, based on Rule 80B, named the York County Commissioners and York County as defendants. That Count alleged:

Said decision of the York County Commissioners to sustain the Plaintiff's indefinite suspension, as modified, was illegal, improper, arbitrary, and capricious, and motivated by improper political considerations, in that said decision was rendered without proper deliberations, without public deliberations,[4] and is against the weight of the evidence submitted to the Commissioners.

Haskell demanded reinstatement as Jail Administrator with back pay.

Pursuant to M.R.Civ.P. 80B(e) and (g), Haskell's brief in support of Count II of his complaint and the record of the proceedings below should have been filed on March 3, 1982. On March 23, 1982, Haskell filed a motion for an extension of time in which to file his brief and the record. That motion was not acted upon until October 20, 1982, when the justice denied the motion.

On July 14, 1982, prior to the denial of Haskell's motion for a time extension but four months after his brief and the record were due, the defendant filed a motion to dismiss Count II of the plaintiff's complaint for want of prosecution or, in the alternative, to set a time for filing of the plaintiff's brief and the record for 80B review. The defendants contended that Haskell had failed to comply with the time requirements of 80B(e) and (g) and that his motion for an extension of time was filed well after the 80B deadlines for his brief and the record. The defendants further noted that the mo-

---

3. M.R.Civ.P. 12(b)(6) reads "a claim upon which relief can be granted." M.R.Civ.P. 8(a) reads "claim for relief." *See* 1 Field, McKusick and Wroth, *Maine Civil Practice* § 8.2 at 193–94 (1970) ("Here, as throughout the rules, the words "cause of action" are avoided...") (citing *United States v. Dickinson,* 331 U.S. 745,

748, 67 S.Ct. 1382, 1385, 91 L.Ed. 1789, 1793 (1947) ("One of the most theory-ridden of legal concepts is a 'cause of action.' ")

4. Haskell admits in brief that the Commissioners held a public meeting.

tion for a time extension had not been acted upon but that the plaintiff had still failed to file a brief or a record, almost six months after the plaintiff's 80B complaint was filed.

In his order of October 20, 1982, the justice denied Haskell's motion for a time extension and granted the defendant's motion to dismiss Count II of the plaintiff's complaint. The justice reasoned that because Haskell had not filed for a time extension, based on a showing of good cause, *before* the 80B(g) deadlines had passed, he was required to show excusable neglect under M.R.Civ.P. 6(b)(2). The justice concluded that the plaintiff had failed to make that required showing.

According to Haskell's brief to this Court, the Attorney General's Office concluded in October, 1982 that there was insufficient evidence to warrant prosecution of Haskell. On that basis, he again requested job reinstatement. The Sheriff denied that request

and terminated Haskell. His appeal to the Commissioners of the Sheriff's action is pending.

## II. *Rule 12(b)(6) Dismissal of the Section 1983 Complaint*

In his order dismissing Count I of Haskell's complaint, based on section 1983,[5] the justice ruled, succinctly, that applying *Mt. Healthy City School District Board of Education v. Doyle*,[6] Haskell had failed to state a claim for relief under section 1983.[7] In *Mt. Healthy*, the Supreme Court ruled that once a petitioner had sustained his burden of showing that his constitutionally protected conduct had been a "motivating factor" in the Board of Education's decision not to rehire him, the Board was then required to show by a preponderance of the evidence that it would have taken the same action in the absence of the protected conduct. *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576, 50 L.Ed.2d at 484.

---

**5.** 42 U.S.C. § 1983 (1982) reads, in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

**6.** *Mt. Healthy* involved a teacher who sought job reinstatement and damages and who claimed that the school board's refusal to rehire him violated his first and fourteenth amendment rights. The teacher had been involved in several disruptive incidents with other teachers, school employees, and students. The teacher also had communicated the substance of a school memorandum concerning teacher dress and appearance to a local radio station, which used the information in a newscast. The United States District Court for the Southern District of Ohio agreed with the teacher's position and found that his communication to the radio station was protected by the first and fourteenth amendments. The United States Court of Appeals for the Sixth Circuit affirmed.

The United States Supreme Court vacated the judgment and remanded the case. The

Court ruled that because the teacher had sustained his burden of showing that his conduct was constitutionally protected and that this conduct was a "motivating factor" in the board's refusal to rehire him, "the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that *it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct.*" *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576, 50 L.Ed.2d at 484 (emphasis added).

**7.** The *Mt. Healthy* test has been consistently applied in actions involving issues similar to those in *Mt. Healthy* and involving § 1983 and other federal statutes. *See, e.g., Consolidated Edison Company of New York, Inc. v. Donovan*, 673 F.2d 61, 62–63 (2d Cir.1982) (42 U.S.C. § 5851, a section of the Energy Reorganization Act); *NLRB v. Wright Line, A Division of Wright Line, Inc.*, 662 F.2d 899, 903 (1st Cir. 1981), *cert. denied*, 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982) (29 U.S.C. §§ 158(a)(3) & 160(c), sections of the National Labor Relations Act); *Nekolny v. Painter*, 653 F.2d 1164, 1168 (7th Cir.1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 139 (1982) (§ 1983); *Ollman v. Toll*, 518 F.Supp. 1196, 1202 (D.Md.1981) (§ 1983).

It is clear that in determining that Haskell had failed to state a claim for relief under section 1983, the justice considered the allegations in Count I *and* the Commissioners' findings, which were attached to the complaint. Consequently, even assuming, as he was required to do, that the Count I allegations were true, the justice concluded that the *Mt. Healthy* "but for" test had been satisfied: the Commissioners' findings show that Haskell would have been suspended anyway based on his fraud with regard to travel expenses, regardless of *any* political considerations. *See Trustees of Forbes Library v. Labor Relations Commission,* 428 N.E.2d 124, 126–27 (Mass.1981) (alleged violation of M.G.L.A. c. 15A, §§ 3, 4(1) & 4(3) of the Massachusetts labor laws).

■ A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. 1 Field, McKusick and Wroth, *Maine Civil Practice* § 12.11 at 248 (1970). The motion does not probe the merits of the underlying case.[8] In addition, all well-pleaded material allegations of a complaint are taken as admitted for the purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Harmon v. Harmon,* 404 A.2d 1020, 1021 (Me.1979); 1 Field, McKusick and Wroth, *Maine Civil Practice* § 12.11 at 248 (1970). Applying these principles to the allegations contained in Count I of the complaint and considering *only* those allegations, Haskell states a claim for relief under 42 U.S.C. § 1983[9] by alleging the necessary elements of a section 1983 action. *See E.N. Nason, Inc. v. Land-Ho Development,* 403 A.2d 1173, 1177 (Me.1979) (action in contract).

■ The justice's consideration of the Commissioners' findings, which were not part of the complaint and which were, in fact, the subject of a pending Rule 80B appeal under Count II, was error. Because Count I sufficiently states a claim for relief

under section 1983, the dismissal of that Count was improper.

## IV. *Dismissal of the 80B Count*

■ The plaintiff filed his complaint on January 22, 1982. The plaintiff's brief and the record were due forty days after January 22, 1982, or March 3, 1982. M.R.Civ.P. 80B(e) and (g). The plaintiff filed neither a brief nor a record nor a request for an extension of time by that date. Instead, twenty days after the deadline, the plaintiff moved for an *indefinite* extension of time. In support of his motion, the plaintiff stated that (1) he had no transcript of the Commissioners' meeting, (2) the Count II 80B review should proceed with the Count I section 1983 action "at one unified pace," (3) the plaintiff will move for a trial of the facts pursuant to 80B(d) but has not yet so moved because no discovery has been conducted, and (4) the Supreme Judicial Court did not intend to "thwart" judicial review of governmental action through filing procedures prescribed by the pertinent rules.

On October 20, 1982, the justice denied the plaintiff's motion for an extension of time to file briefs and record and granted defendants' motion to dismiss Count II. The justice ruled that Haskell had not satisfied the M.R.Civ.P. 6(b)(2) requirement of a showing that his failure to fulfill the Rule 80B(e) and (g) time requirements was due to excusable neglect. On the date of the dismissal of Count II, nine months after the filing of the complaint, Haskell had yet to file his brief or the record for Rule 80B review.

■ On a showing of good cause, the court may extend the Rule 80B time limits. Rule 80B(g). The motion for a time extension and the showing of good cause must occur prior to the prescribed filing deadline. Such motions made *after* the deadlines are

---

8. Although a Rule 12(b)(6) dismissal is technically an "adjudication on the merits" under Rule 41(b)(3), the liberal granting of Rule 15(a) leave to amend generally avoids this effect. 1 Field, McKusick and Wroth, *Maine Civil Practice* § 12.11 at 119 (2d ed. Supp.1981).

9. This determination obviates the need to discuss the denial of Haskell's Rule 15(a) motion to amend his complaint.

governed instead by Rule 6(b)(2), which provides for enlargement of time periods upon a motion made after the expiration of a specified period on a showing of excusable neglect.[10]

■ As the justice correctly noted, we have recently reiterated, in a case involving Rule 73(a), that the "standard of excusable neglect is strict; extensions of time for filing notices of appeal should be limited to extraordinary cases." *Young v. Sturdy Furniture Co.,* 441 A.2d 320, 321 (Me.1982). Further, when the neglect is that of the party charged to act, some "extraordinary circumstance" must be proved to justify the neglect. *State v. One 1977 Blue Ford Pick-Up Truck,* 447 A.2d 1226, 1231 (Me.1982). It is clear that no showing has been made that Haskell's failure to obtain a transcript of the Commissioners' meeting within nine months of the filing of his complaint was due to extraordinary circumstances. It appears that the failure was due to counsel's unexplained neglect to comply with the clearly articulated requirements of the rules of procedure.

The entry is

Rule 12(b)(6) Dismissal of Count I of the Complaint vacated and remanded to Superior Court for further proceedings consistent with this opinion.

Dismissal of Count II of the Complaint affirmed.

All concurring.

---

**10.** Both Rule 80B(g) and Rule 6(b)(1) allow for time extensions requested before the expiration of a specified period on a showing of cause. Unlike Rule 6(b)(2), Rule 80B(g) has no provision for time extension requests made after the specified deadline. Rule 80B(a) does, however, provide that 80B proceedings are governed by the "Rules of Civil Procedure as modified by this rule."