Maurice BOLDUC

v.

**ANDROSCOGGIN COUNTY
COMMISSIONERS et al.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1984.

Decided Dec. 27, 1984.

Peter S. Dublin (orally), Susan Parcels McCurry, Lewiston, for plaintiff.

Skelton, Taintor & Abbott, Bryan M. Dench (orally), Lewiston, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiff, Maurice Bolduc, appeals from a judgment entered in the Superior Court (Androscoggin County) affirming a decision by the Androscoggin County Commissioners that "upheld" his dismissal from his position as a deputy sheriff and concluded that he was "hereby dismissed" from that position. He argues here that the hearing which had resulted in his dismissal had been procedurally flawed and that the evidence presented had been insufficient to support the Commissioners' findings of fact. We deny the appeal.

The Plaintiff had been employed as a deputy sheriff with the Androscoggin County Sheriff's Department from December 1978, until his termination in August, 1982. While on duty on July 21, 1982, the Plaintiff answered the emergency "warning annex" telephone first with the words "Hello, County Morgue," and later with the words, "Good afternoon, Mabel's. May I help you?" The Plaintiff did not dispute that these two incidents took place. The County Commissioners also found that there was a similar third incident, apparently taking place on the following day.

Peter Van Gagnon, Director of the Androscoggin County Unified Bureau of Civil Emergency Preparedness, brought the incidents to the attention of the Defendants in this action, the Androscoggin County Commissioners and Sheriff Joseph Laliberte. The Commissioners then notified the Plaintiff that they would "hear and determine" the matter at an executive session on August 3, 1982. Sheriff Laliberte conducted an investigation, and notified the Plaintiff of his "decision recommendation to terminate his employment." Sheriff Laliberte also then notified the County Commissioners of his recommendation.

On August 3, 1982, the County Commissioners held a hearing, which their Chairman advised was both a "review of dismissal by the Sheriff pursuant to 30 M.R.S.A. § 64-A(3)" and a "dismissal hearing pursuant to the County Personnel Policy." At the conclusion of the hearing, the Commissioners took the matter under advisement. In their written decision and order, the Commissioners listed their findings and stated that they "upheld" "the action of the Sheriff in dismissing the Deputy."

On September 7, 1982, the Plaintiff filed a complaint seeking Superior Court review pursuant to M.R.Civ.P. 80B. The Superior Court affirmed the Commissioners' decision and dismissed the Plaintiff's complaint. It

is from this judgment that the Plaintiff appeals.

■ At the threshold, we note that the Plaintiff properly invoked the jurisdiction of the Superior Court. Although the Plaintiff cites no independent statutory provision as the jurisdictional basis for this review under Rule 80B, we have previously observed that Rule 80B provides a procedural avenue for those disputes in which the courts have jurisdiction to review administrative action by virtue of substantive review previously available through the use of extraordinary writs. *Colby v. York County Commissioners*, 442 A.2d 544, 547 (Me.1982). If an action is filed within thirty days of an administrative decision, there is little significance to a determination of the precise basis for jurisdiction. *Id.* at 547. Because the Plaintiff filed his complaint within the time limits provided for in Rule 80B, we find that his complaint was properly before the Superior Court.

The Plaintiff contends, first, that because the Defendants failed to comply with the dismissal procedures set forth in 30 M.R.S.A. § 64–A(3) (Supp.1984–1985), the Commissioners exceeded their statutory authority, and that the Superior Court therefore erred in holding that the Defendants had properly dismissed the Plaintiff.

■ Section 64–A(3),[1] which expressly governs dismissal of county employees, patently does not give the County Commissioners the power to dismiss those employees whom they do not directly employ. Instead, the uncertainty about the Commissioners' dismissal powers arises from the vague language of 30 M.R.S.A. § 66 (Supp. 1984–1985), which the Defendants argue gives the Commissioners "residual authority:"

The county commissioners shall have final authority over the operation of all county offices by elected or appointed county officers, except in circumstances for which a County Personnel Board has been established under subchapter VII with the powers and duties set forth in that subchapter and in section 64–A . . . .

30 M.R.S.A. § 66 (Supp.1984–1985)

If the Commissioners have established a county personnel board pursuant to subchapter VII, and hence essentially delegated their hiring and firing power to the board, section 66 does not apply. Instead, 30 M.R.S.A. § 1133 (Supp.1984–1985) sets forth the board's powers and duties:

The county commissioners may, after a public hearing, establish a County Personnel Board. The County Personnel Board shall have the duties and powers set forth in section 64–A and this subchapter.

30 M.R.S.A. § 1131 (Supp.1984–1985).

Thus, when the Commissioners have delegated their hiring and firing power to a county personnel board, the powers are still those set forth in section 64–A(3). Section 64–A(3) patently does not permit the board to dismiss employees who are not their direct subordinates.

■ Section 64–A(3), therefore, does not provide the Commissioners with any authority to dismiss Sheriff's Department employees. Unless the statute itself discloses contrary intent, the plain meaning of

---

1. 30 M.R.S.A. § 64–A(3) (Supp.1984–85) provides:

A county officer or department head may dismiss, suspend or otherwise discipline an employee in his department only for cause, except that county employees may be laid off or dismissed, with the approval of the county commissioners or personnel board to meet the requirements of budget reductions or governmental reorganization. In every case of dismissal, suspension or other disciplinary action, at the request of the employee, the county commissioners or personnel board shall investigate the circumstances and fairness of the action and, if they find the charges unwarranted, shall order the reinstatement of the employee to his former position with no loss of pay, rights or benefits resulting from the dismissal, suspension or disciplinary action. Cause for dismissal, suspension or disciplinary action shall be a just, reasonable, appropriate and substantial reason for the action taken that relates to or affects the ability, performance of duties, authority or actions of the employee or the public's rights or interests.

the words controls. *State v. Hudson*, 470 A.2d 786, 788 (Me.1984). Further, it is a well-settled principle of statutory construction that sections of a statute must be read together as a single piece of legislation to reach a harmonious interpretation. *Delano v. City of South Portland*, 405 A.2d 222, 227 (Me.1979). In light of this principle, the "final authority" referred to in section 66 means the final authority to override county department heads. This interpretation is reinforced by the fact that if the Commissioners delegate their authority over employees to a county personnel board, the Commissioners have no residual power to terminate employment. Section 66, therefore, merely provides that the commissioners are the final *review* board unless they have delegated that power to a personnel board.

In the instant case, it is unclear whether the Sheriff himself actually dismissed the Plaintiff. On the one hand, the record indicates that the Sheriff, in correspondence to the Commissioners, recommended that the Plaintiff be dismissed.[2] Similarly, a memorandum composed by the Sheriff states that he notified the Plaintiff of his "decision recommendation" to terminate employment. However, when the Commission's Chairman advised that the hearing was both a "review of dismissal by the Sheriff pursuant to 30 M.R.S.A. § 64–A(3)" and a "dismissal hearing pursuant to County Personnel Policy," neither the Plaintiff nor his representative indicated that they believed that the Sheriff had only "recommended dismissal." Moreover, in his complaint asking the Superior Court to review the Commissioners' action, the Plaintiff alleged that the Sheriff had informed the Plaintiff that his employment would be terminated and that the Commissioners had decided to uphold the Sheriff's decision to terminate the Plaintiff's employment.

 In comparable employment discharge cases, we have observed that a temporary lapse in procedural regularity alone cannot serve as grounds for this or any

court to grant reinstatement. *See Frye v. Town of Cumberland*, 464 A.2d 195, 198 (Me.1983); *Barber v. Inhabitants of Town of Fairfield*, 460 A.2d 1001, 1006 (Me.1983). Nor should it serve as the basis for us to remand to the Androscoggin County Commissioners for a new hearing. Whatever procedural deviations the Defendants made in the earlier stages of the proceedings, an examination of the record and, in particular, the transcript of the hearing before the Commissioners, reveals that the Plaintiff suffered no prejudice. He was given a full opportunity to present and, indeed, did present evidence that good cause to dismiss did not exist. The transcript reveals that the hearing was, in substance, a review of the Sheriff's dismissal. Because this was essentially also the finding of the Superior Court, we conclude that there was no error.

During the Commissioners' hearing the Sheriff sought to introduce into evidence a record of complaints made against the Plaintiff over the course of his employment as a deputy sheriff. The union representative, appearing on the Plaintiff's behalf, objected to the admission of these complaints because they did not conform to the requirements of the Maine Rules of Evidence. Chairman Lebel advised that the Maine Rules of Evidence were not applicable to the proceedings. The Plaintiff argued before the Superior Court that the Commissioners erred in considering the "file memos" and "supervisory complaints" because they were irrelevant and prejudicial. The Plaintiff now contends that the Superior Court erred in upholding the admission of such documents because they did not come within the business records exception of the Maine Rules of Evidence (M.R.Evid. 803(6)) and that their admission was contrary to the spirit of the Androscoggin County Personnel Policy. We disagree.

 As we have previously declared, the highly technical rules of evidence are not, and should not, be applicable to admin-

---

**2.** Such a procedure appears to conform to the Androscoggin County Personnel Policy.

istrative proceedings. *Frye v. Inhabitants of Town of Cumberland,* 464 A.2d 195, 200 (Me.1983); *In re Maine Clean Fuels, Inc.,* 310 A.2d 736, 748 (Me.1973). Indeed, we have observed that:

> When ... review of the record reveals reliable, probative evidence in support of the agency findings and conclusions, the fact that irrelevant or incompetent evidence was admitted ... does not amount to reversible error .... Only when the agency is shown to have relied upon incompetent evidence to the prejudice of the complaining party can the admission of such evidence require reversal of the agency decision.

*Frye,* 464 A.2d at 200; *In re Ryerson Hill Solid Waste Disposal Site,* 379 A.2d 384, 391 (Me.1977).

We have reviewed the transcript of this hearing, which was clearly administrative in nature, and conclude that although the Commissioners admitted evidence of prior misconduct other than three written reprimands, they did not rely on this other evidence in reaching their decision. Indeed, the Commissioners expressly found it "unnecessary" to consider the other evidence; the telephone incidents, when viewed in light of the three written reprimands, were more than sufficient. We therefore find that the Commissioners' findings were based on reliable, probative evidence, and conclude that the Superior Court did not err in affirming the Commissioners on this basis.

Finally, the Plaintiff argues that the Superior Court erred in holding that the testimony and exhibits presented at the hearing supported the findings of fact made by the County Commissioners.

In a review pursuant to M.R.Civ.P. 80B, the Superior Court was without authority to overrule findings of fact supported by substantial evidence. *See Frye,* 464 A.2d 201; *Winship v. Brewer School Committee,* 390 A.2d 1089, 1092 (Me.1978). As we noted earlier, the Commissioners based their decision on the three telephone incidents, as well as the three prior written reprimands. The Plaintiff admitted two of the phone incidents and did not deny the sources of the three written reprimands. Thus, we see no reason why the Commissioners could not "fairly and reasonably find the facts as they did." *Frye,* 464 A.2d at 201.

The entry is:

Judgment affirmed.

All concurring.