**Ronald DURRELL**

v.

**FRANKLIN COUNTY COMMISSIONERS.**

Supreme Judicial Court of Maine.

Argued May 7, 1987.
Decided Oct. 13, 1987.

Edward H. Cloutier (orally), John C. McCurry, Cloutier, Joyce, Dumas & David, Rumford, for plaintiff.

John C. Sheldon (orally), Morton & Sheldon, Farmington, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS *, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

■ The defendants, the County Commissioners of Franklin County, appeal from a declaratory judgment of the Superior Court, Franklin County, in favor of the plaintiff, Ronald Durrell, the Sheriff of Franklin County. The Superior Court held that attorney fees incurred by Durrell in

* Roberts, J., sat at oral argument and participated in the initial conference, but participated no further.

seeking judicial review in the Superior Court under M.R.Civ.P. 80B from an adverse decision of the Commissioners following an investigation under 30 M.R.S.A. § 64–A(3)[1] were necessary incidental expenses justly and properly incurred in the performance of his duties as sheriff under 30 M.R.S.A. § 908 (1978). Because we determine that Durrell had no right to judicial review of the section 64–A(3) determination by the Commissioners, and consequently his attorney fees were neither necessary nor properly incurred under section 908, we vacate the judgment of the Superior Court.

On June 1, 1984, Durrell dismissed Harold O. Small from his position of deputy sheriff. Small invoked 30 M.R.S.A. § 64–A(3) and requested the Commissioners to investigate the dismissal and to reinstate him to his position. The Commissioners held a hearing on the matter, at which Small was represented and Durrell represented himself. The Assistant District Attorney acted as a moderator at the hearing.[2] The Commissioners determined that the charges against Small were unwarranted and ordered Small reinstated as a deputy sheriff. When notified of the Commissioners' decision, Durrell requested of the Commissioners the services of an attorney

to aid in prosecuting an appeal. No action was taken on that request. Durrell then brought two separate actions in Superior Court.

Under M.R.Civ.P. 80B, Durrell sought review of the administrative action of the Commissioners in reinstating Small. Durrell also sued the Commissioners under the Uniform Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980), in which he sought attorney fees for bringing the Rule 80B appeal as well as the action for declaratory judgment. Although the cases were never formally consolidated, the Superior Court heard them together. In the Rule 80B case, the Superior Court determined that the record supported the Commissioners' decision to reinstate Small and affirmed their decision. However, in the declaratory judgment action the Superior Court ruled Durrell was entitled to attorney fees incurred in prosecuting the appeal and entered judgment in his favor.

 A sheriff is a constitutionally elected officer having responsibilities of law enforcement and administration of the sheriff's department.[3] 30 M.R.S.A. § 1001 (1978 & Supp.1986)[4]; *State v. Lewisohn,* 379 A.2d 1192, 1203 (Me.1977). However,

---

1. In 1984, 30 M.R.S.A. § 64–A(3) read as follows:

 **Dismissal, suspension, discipline.** A county officer or department head may dismiss, suspend or otherwise discipline an employee in his department only for cause, except that county employees may be laid off or dismissed, with the approval of the county commissioners or personnel board, to meet the requirements of budget reductions or governmental reorganization. In every case of dismissal, suspension or other disciplinary action, at the request of the employee, the county commissioners or personnel board shall investigate the circumstances and fairness of the action and, if they find the charges unwarranted, shall order the reinstatement of the employee to his former position with no loss of pay, rights or benefits resulting from the dismissal, suspension or disciplinary action. Cause for dismissal, suspension or disciplinary action shall be a just, reasonable, appropriate and substantial reason for the action taken that relates to or affects the ability, performance of duties, authority or actions of the employee or the public's rights or interests.

 P.L.1981, ch. 394, § 2. This subsection was repealed and replaced by P.L.1985, ch. 292,

which is the current version. *See* 30 M.R.S.A. § 64–A(3) (Supp.1986).

2. Title 30 M.R.S.A. § 501 (1978) provides that the District Attorney represent the county in all civil proceedings under the direction of the county commissioners.

3. The dissent substantially relies on the fact that the sheriff is a constitutional officer. Article IX, section 10 of the Maine Constitution speaks to the election and removal of sheriffs, but refers to no duties except those "imposed upon [the sheriff] by law," a recognition that the legislature is free to provide what those duties are to be.

4. Section 1001(1) provides:

 **Sheriff's duties.** The sheriff shall act as the chief county law enforcement officer and shall be responsible for administering and directing the sheriff's department as authorized by the county budget. The sheriff shall inform the county commissioners of sheriff's department activities on a regular basis and shall meet with the commissioners as required under subsection 3.

the administrative power of the sheriff is restricted to those actions "authorized by the county budget," section 1001(1), is shared with the county commissioners,[5] and in relation to hiring and firing of personnel is particularly restricted. The sheriff's appointments of deputy sheriffs are subject to the approval of the county commissioners, or a personnel board. 30 M.R.S.A. §§ 951, 64–A(1).[6] Dismissals of sheriff department employees are subject to the provisions of section 64–A(3), and the commissioners are authorized by the statute to order the reinstatement of the employee when they find the charges against the employee unwarranted, as they did here.

Section 64–A does not by its own language specifically provide for appeal from the decision of the commissioners. In order to effectuate the purpose of the statute to protect county employees from dismissal without cause, we have allowed employees to appeal an adverse decision of the commissioners under section 64–A(3). *See Bolduc v. Androscoggin County Commissioners,* 485 A.2d 655, 657–58 (Me.1984); *Haskell v. Phinney,* 460 A.2d 1354, 1357 (Me.1983). Because the statutes vest the commissioners with such significant supervisory and review power over the administration and operation of the sheriff's department, there is no basis for us to infer that the sheriff has the right to appeal from a commission decision reinstating an employee in the absence of express statutory language providing for such an appeal.

Title 30 M.R.S.A. § 908 requires the county commissioners to pay to the sheriff from county funds "necessary and incidental expenses as are just and proper, incurred in the performance of [the sheriff's] public duties." Because Durrell had no right to bring the appeal to review the Commissioners' reinstatement of Small, any attorney fees incurred in the prosecution of that action are not necessary and incidental expenses, nor have they been incurred in the performance of his duties under section 908.

The entry is:

Judgment of the Superior Court is vacated. Remanded to the Superior Court for entry of judgment for the defendants.

McKUSICK, C.J., and NICHOLS, WATHEN and GLASSMAN, JJ., concurring.

SCOLNIK, Justice, dissenting.

Because I conclude that a sheriff has the right to appeal a county commissioners' reinstatement of a deputy whom the sheriff has dismissed, and is therefore entitled to reimbursement for attorneys' fees incurred on appeal as an incidental expense of his office, I respectfully dissent.

I disagree with the court's conclusion that because the commissioners have "significant supervisory and review power" over the sheriff's department operation there is no basis for inferring that the sheriff has a right to appeal the commissioners' decision to reinstate. The court's reliance on the commissioners' oversight function fails to recognize the authority and independence of the sheriff under common law and statute, and the common sense need for the sheriff to obtain judicial review of the commissioners' reinstatement

---

5. Section 1001(2) provides:

 **County Commissioners' duties.** The county commissioners shall regularly review the sheriff's operations and shall insure that the law enforcement functions required under the budget are being adequately performed. The county commissioners shall not give orders directly to any deputies or other subordinates of the sheriff, either publicly or privately.

6. Section 64–A(1) provides:

 **Employment.** All county officers or department heads shall submit to the county commissioners or the County Personnel Board, if one has been established under subchapter VII, the name of any person the county officer or department head proposes to employ or the names of more than one person from which the county commissioners or personnel board are to select a person for employment. The county commissioners or the County Personnel Board may approve the employment of the person or select a person for employment or, if approval is withheld or a selection is not made, shall, within 14 days after the name or names have been submitted, notify the county officer or department head of the reasons for their disapproval or failure to make a selection.

of deputies for whom the sheriff is ultimately responsible.

A sheriff is a constitutional officer elected by the people of each respective county. Me. Const. art. IX, § 10. Seventy years ago in *Sawyer v. County Commissioners*, 116 Me. 408, 102 A. 226 (1917), the Law Court described the role and responsibilities of the sheriff as follows:

> The office of sheriff is one of the oldest known to the common law. It is inseparably associated with the county. He is the chief executive officer of the state in his county. The office of sheriff is recognized in the earliest annals of English law. It is much older than Magna Charta. Under all systems of government which have recognized the law as the supreme rule of action it has been found absolutely necessary to vest in some one person the ultimate power to preserve the peace and quell disorder and suppress riots, and this person is the sheriff. His power is largely a discretionary one. In this state the sheriff is a constitutional officer. By the common law and the statute law he is made responsible as a conservator of the peace and a protection to society against the commission of vice and crime. (citation omitted).

*Id.* at 411, 102 A. at 227.

Because of the unique historical status of the sheriff's office, state and federal courts alike have generally held that at common law a sheriff had absolute control over the selection and retention of his deputy sheriffs. *See, e.g., Barrett v. Thomas*, 649 F.2d 1193, 1199 (5th Cir.1981) (applying Texas law), *cert. denied*, 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982); *Tanner v. McCall*, 625 F.2d 1183, 1186 (5th Cir. 1980) (applying Florida law), *reh. denied*, 629 F.2d 1350 (5th Cir.1980), *cert. denied*, 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *see also Sikes v. Boone*, 562

F.Supp. 74, 78 (N.D.Fla.1983), *aff'd mem.*, 723 F.2d 918 (11th Cir.1983), *cert. denied*, 466 U.S. 959, 104 S.Ct. 2171, 80 L.Ed.2d 555 (1984) (citing cases supporting a sheriff's control over the employment of deputy sheriffs). The sheriff generally is given broad authority in the selection and dismissal of his deputies both because the sheriff is responsible for the neglects and defaults of his deputy, and in order that law enforcement be centralized in the county. *See Tanner v. McCall*, 625 F.2d at 1186; *see also Sheltra v. Auger*, 376 A.2d 463, 464 (Me.1977) (recognizing that elected officials must be permitted to select personnel necessary to assist in performance of duties). This independence in personnel matters is essential because the sheriff, as an "elected official," is accountable to the electorate, removable by statute,[1] and subject to bond forfeiture for his own actions as well as for those of his staff.[2]

The authority and independence of the sheriff is also recognized by statute. 30 M.R.S.A. § 1001(1) and § 1001(2)[3] establish the respective duties of the sheriff and the county commissioners. Section 1001(1) requires the sheriff to act within county budget authorization and to report on his department's activities on a regular basis. Section 1001(2) requires the commissioners to "regularly review the sheriff's operations" and "insure that the law enforcement functions required under the budget are adequately performed." Although these statutes are intended to provide for general oversight of the sheriff's activities by the commissioners, they are not intended to interfere with the sheriff's independent operation of his department. The second half of § 1001(2) specifically states: "The county commissioners shall not give orders directly to any deputies or other subordinates of the sheriff, either publicly or privately." In fact, should the county commissioners in performing their oversight function find fault with the sheriff's

---

1. *See* Me. Const. art. IX § 10; 30 M.R.S.A. § 1111 (1978).

2. 30 M.R.S.A. § 901 (1978) requires in part:
 Every person elected or appointed sheriff ... shall give bond to the Treasurer of State ... conditioned for the faithful performance of

the duties of his office *and to answer for all neglect and misdoings of his chief deputy.* (Emphasis added).

3. 30 M.R.S.A. § 1001(1) and (2) are quoted in slip op. at 3–4.

performance, they are powerless to take direct action on their own but must petition the governor for the sheriff's removal. *See* 30 M.R.S.A. § 1111 (1978).

There is no question that the sheriff's appointments and dismissals of deputy sheriffs are subject to the approval of the county commissioners under 30 M.R.S.A. §§ 951, 64–A(1),[4] and 64–A(3).[5] However, the commissioners are not invested with the power to appoint or dismiss sheriff's employees on their own. *See Bolduc v. Androscoggin County Commissioners*, 485 A.2d 655, 657 (Me.1984) (holding that 30 M.R.S.A. § 64–A(3) "does not provide the Commissioners with any authority to dismiss Sheriff Department employees."). All selection and dismissal must be initiated by the sheriff. The commissioners' only function with respect to a sheriff's dismissal of a deputy sheriff is one of review to determine whether the dismissal was for just cause.

In sum, the authority to discharge deputies resides in the sheriff both under common law and by statute. Because of the sheriff's inherent authority at common law to select and remove deputies, statutes in derogation of such authority must be strictly construed. *See Warren v. Walton*, 231 Ga. 495, 499, 202 S.E.2d 405, 409 (1973). I do not dispute the fact that the statutes in question limit the sheriff's traditional hiring and firing authority.[6] However, these statutes, strictly construed, must be interpreted to provide a system of checks and balances. *See State ex rel. Dingess v. Scaggs*, 156 W.Va. 588, 590, 195 S.E.2d 724, 726 (1973). Specifically, the limiting legislation must be construed to confer upon the sheriff a right to a judicial review of the commissioners' reinstatement of an employee whom the sheriff has considered it necessary to dismiss. So interpreted, the

legislation permits the sheriff substantially to retain his common law independence and authority while allowing the commissioners a review of a claimed arbitrary dismissal. Contrary to the court's conclusion such an interpretation, which is required by a cardinal rule of strict statutory interpretation applicable here, provides a firm basis for inferring that the sheriff has the right to appeal the commissioners' decision to reinstate a deputy whom the sheriff has discharged.

Moreover, common sense dictates that a sheriff cannot be held accountable for the manner in which he performs his law enforcement duties unless he has a relatively free hand in selecting the personnel whose qualifications meet *his* requirements. Recognizing that working relationships between county commissioners and the sheriff are not always amicable and cooperative, and given the need to preserve the sheriff's traditional common law independence regarding personnel, I conclude that the limiting legislation must, at the very least, be construed to confer upon the sheriff a right to a judicial review of a possible arbitrary reinstatement of an employee whose continued employment the sheriff determined was inimical to the efficient operation of his office.

Even though section 64–A does not by its own language specifically provide for appeal from the decision of the commissioners, we have held that under M.R.Civ.P. 80B, a dismissed employee may appeal such a decision. *Bolduc*, 485 A.2d at 657; *Haskell v. Phinney*, 460 A.2d 1354, 1357 (Me.1983). *See Colby v. York County Commissioners*, 442 A.2d 544, 547 (Me. 1982). It is only logical to infer the existence of a reciprocal right of appeal in the sheriff who is held accountable to the

---

**4.** 30 M.R.S.A. § 64–A(1) is quoted in full in slip op. at 4–5.

**5.** 30 M.R.S.A. § 64–A(3) as it applies to this case is quoted in slip op. at 1–2, n. 1. As noted there, this subsection was repealed and replaced by P.L.1985, c. 292. *See* 30 M.R.S.A. § 64–A(3) (Supp.1986). The resulting current version of section 64–A(3) provides for dismissal only with the prior approval of the commissioners. For

the reasons set forth in this dissenting opinion, *a fortiori*, the sheriff's right to appeal an *a priori* disapproval must be inferred, particularly if such legislation is to be rescued from a constitutional attack based on excessive intrusion upon the sheriff's inherent authority.

**6.** *See* 30 M.R.S.A. §§ 951, 64–A(1) and (3) (1978 & Supp.1986).

electorate for the performance of his duties.

Title 30 M.R.S.A. § 908 (1978) requires the county commissioners to pay to the sheriff from county funds "necessary incidental expenses as are just and proper, incurred in the performance of [the sheriff's] public duties." A sheriff's action in seeking review of the county commissioners' reinstatement of a deputy sheriff previously dismissed by the sheriff is directly concerned with the administration of his department and an integral part of his public duties under 30 M.R.S.A. § 1001. Review of the reinstatement can be effected only by bringing an action in the Superior Court under M.R.Civ.P. 80B. Although it is possible for an individual to prosecute such a case without an attorney, such an action often involves complex issues of procedural and substantive law, and a non-lawyer would proceed pro se at his peril. The evidence supports the Superior Court's ruling that the services of an attorney in the Rule 80B action were necessary and incidental to the sheriff's duties within the meaning of 30 M.R.S.A. § 908, and we cannot say that it is error as a matter of law.

Invoking the well-established American Rule relating to the award of attorneys' fees, the commissioners argue that, aside from certain torts, courts have no authority to order the payment of counsel fees against an adverse litigant unless the parties have contractually agreed to the payment or unless it is authorized by clear statutory language. *See Elliott v. Maine Unemployment Ins. Comm'n,* 486 A.2d 106, 111 (Me.1984); *Vance v. Speakman,* 409 A.2d 1307, 1311 (Me.1979). Durrell is entitled to attorneys' fees, however, not because of the common law or a statute specifically authorizing an award of attorneys' fees, but simply because attorneys' fees in prosecuting a Rule 80B appeal of this nature have been found to be an expense necessary and incidental to the carrying out of the duties of his public office. Similarly, an award of attorneys' fees cannot violate the separation of powers [7] by interfering in the budgetary process, a second argument the commissioners advance. The legislature, responsible for finally approving the county budget, has enacted the statute providing that the sheriff be reimbursed for expenses necessary and incidental to the carrying out of his public duties. The Superior Court has merely applied the statute to determine whether the attorneys' fees incurred in this case were necessary and incidental to the duties of the sheriff under section 908.

---

7. Me. Const. art. III, §§ 1 and 2 provide as follows:

**§ 1. Powers distributed**
Section 1. The powers of this government shall be divided into three distinct departments, the legislative, executive and judicial.

**§ 2. To be kept separate**
Section 2. No person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted.