**Richard P. HASKELL, Plaintiff,**

**v.**

**C. Wesley PHINNEY, Jr., and the County of York, Defendants.**

Civ. No. 83–0225 P.

United States District Court,
D. Maine.

Sept. 28, 1984.

Lawrence C. Winger, Portland, Me., for plaintiff.

Michael E. Saucier, Alfred, Me., William C. Knowles, Andrew M. Horton, Portland, Me., for defendants.

## ORDER OF THE DISTRICT COURT ACTING UPON THE MAGISTRATE'S REPORT OF HEARING ON DEFENDANTS' MOTION TO STAY AND RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

In this matter a hearing has been had before the Hon. D. Brock Hornby, United States Magistrate, on the Defendants' Motion to Stay and upon the Defendants' Motion for Summary Judgment. The United States Magistrate has considered the written and oral arguments of counsel upon said motions. The United States Magistrate filed with the Court on June 8, 1984, with copies to counsel, his Report of Hearing on Defendants' Motion for Stay and Recommended Decision on Defendants' Motion for Summary Judgment. He therein took the following actions:

(1) denied the Defendants' Motion to Stay the action; and

(2) recommended the following actions to the District Court:

(a) that the District Court deny the Defendants' Motion for Summary Judgment as to the issue of the qualified immunity of the Defendant-Sheriff, C. Wesley Phinney, Jr.;

(b) that the District Court grant the Defendant York County's Motion for Summary Judgment on the basis of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), as to Count I of the complaint;

(c) that the District Court deny the Defendant York County's Motion for Summary Judgment on the basis of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), as to Count II of the complaint;

(d) that the District Court deny the Defendants' Motion for Summary Judgment insofar as it reaches the Defendants' asserted ground that procedural due process has been fully af-

forded to the Plaintiff under Maine law; and

(e) that the District Court order stricken the Plaintiff's prayer for an award of punitive damages.

Plaintiff timely filed his objection to the Magistrate's partial grant of the Defendants' Motion for Summary Judgment, stating in his formal written objection that objection was taken only to "that portion [of the Magistrate's Report and Recommended Decision] appearing on pages 6–9 [642–643] recommending the granting of the County of York's Motion for Summary Judgment on Count I of the Complaint." Plaintiff's Objection to Magistrate's Partial Grant of Motion for Summary Judgment, at 1. The Defendants timely filed their objections to the Magistrate's Report and Recommended Decision, registering objection to "that portion of the Magistrate's Report of June 8, 1984, appearing at page 6 [640] and recommending the denial of Sheriff C. Wesley Phinney, Jr.'s motion for summary judgment on Count II of the amended complaint." Defendants' Objection to Magistrate's Partial Denial of Motion for Summary Judgment, at 1.

It thus appears that none of the parties have objected to the Magistrate's action in denying the Motion of the Defendants to Stay this action, to the Magistrate's recommended decision that the Plaintiff's prayer for an award of punitive damages be stricken by this Court, or finally, to the Magistrate's recommendation to this Court that the Defendants' Motion for Summary Judgment be denied insofar as it asserts that procedural due process has been fully afforded to the Plaintiff under Maine law.[1] The Court will approve the Magistrate's Report and Decision and affirm the Magistrate's denial of Defendants' Motion to Stay this action, and accept the Magistrate's Recommended Decision that the Plaintiff's prayer for an award of punitive damages be stricken, and will deny the Defendants' Motion for Summary Judg-

ment on the ground that procedural due process has been fully afforded to the Plaintiff under Maine law. *See* 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed and considered the Magistrate's recommended decisions insofar as they have been objected to by the parties herein, together with the entire record, including the written objections of the parties to the Magistrate's recommended decisions and the memoranda submitted by counsel before the Magistrate and this Court. The Court has made a *de novo* determination of all matters adjudicated by the Magistrate's recommended decision to which objection has been made. This Court concurs with the recommendations of the United States Magistrate to the extent that objections thereto have been registered, for the reasons set forth in his report, and having determined that no further proceeding is necessary, it is

ORDERED AS FOLLOWS:

(1) that the Report and Recommended Decision of the Magistrate be, and is hereby, APPROVED;

(2) that the Defendants' Motion to Stay this action be, and is hereby DENIED;

(3) that the Plaintiff's prayer for an award of punitive damages be, and is hereby, STRICKEN;

(4) that the Defendants' Motion for Summary Judgment on the ground that procedural due process has been fully afforded to the Plaintiff under Maine law be, and is hereby, DENIED;

(5) that the Defendant-Sheriff, C. Wesley Phinney, Jr.'s, Motion for Summary Judgment on the basis of the issue of his qualified immunity be, and is hereby, DENIED;

(6) that the Defendant York County's Motion for Summary Judgment on the basis of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), be,

---

**1.** Accordingly, the Court has not reviewed these actions of the Magistrate. "[A] party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration." *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

and is hereby, GRANTED as to Count I and DENIED as to Count II of the Plaintiff's complaint;

(7) that this matter be REMANDED to the Magistrate for such further action as may be appropriate.

So ORDERED.

## APPENDIX

REPORT OF HEARING ON DEFENDANTS' MOTION TO STAY AND RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff has brought this lawsuit against the York County sheriff and the County of York challenging his suspension and subsequent dismissal as jail administrator of the York County Jail and deputy sheriff of York County. The plaintiff claims under 42 U.S.C. § 1983 that the actions of the defendants were motivated by improper political motives, depriving him of his First Amendment rights, and that they were taken without procedural due process. The defendants have filed a Motion to Stay the action and for Summary Judgment. The court hereby issues the following Order and Recommended Decision.

## MOTION TO STAY

Prior to his ultimate termination, the plaintiff previously filed an action in state court challenging his indefinite suspension. The action was couched as both a M.R. Civ.P. 80B appeal from the decision of the York County Commissioners upholding the sheriff's actions and a 42 U.S.C. § 1983 claim. The Rule 80B appeal has been dismissed for lack of prosecution but the claim under 42 U.S.C. § 1983 remains pending. *See Haskell v. Phinney,* 460 A.2d 1354 (Me.1983). Upon his termination, the plaintiff filed another state court action which contained only a Rule 80B appeal. He also filed this federal action. The defendants have argued that this court should stay the federal action because of the pendency of the two state court actions.

The United States Supreme Court has recently addressed the issue of when a stay request such as this should be granted. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 51 U.S.L.W. 4156 [460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765] (U.S. Feb. 23, 1983), the Court held that a federal court should stay its action because of parallel state court litigation only under exceptional circumstances:

> the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighed in favor of the exercise of jurisdiction.

51 U.S.L.W. at 4160 [460 U.S. at 16, 103 S.Ct. at 937]. The Court reiterated the factors mentioned in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 [96 S.Ct. 1236, 47 L.Ed.2d 483] (1976): jurisdiction over a res; comparative convenience of the forums; avoidance of piecemeal litigation; and the sequence in which jurisdiction was obtained.

In this case, as in *Cone,* neither court has obtained jurisdiction over any res or property and there is no contention that the federal forum is less convenient to the parties than the state forum.

▇ A choice between the forums does not materially affect the likelihood of piecemeal litigation: in this federal action, the section 1983 claim is presented with respect to both the suspension and the termination, but does not include the Rule 80B appeal from the plaintiff's termination; in state court, the termination issue and the suspension issue are the subject of separate lawsuits, and no section 1983 claim is made with respect to the termination. Thus, none of the lawsuits completely resolves all matters.[1]

---

1. Res judicata, of course, may enlarge the scope of a particular judgment to include issues that

Likewise, the sequence in which jurisdiction was obtained is not a material issue here. Although the state court actions were filed first, the *Cone* decision indicates that the true concern is "how much progress has been made in the two actions." 51 U.S.L.W. at 4161 [460 U.S. at 21, 103 S.Ct. at 940]. Discovery is not yet complete in any of the actions. In the federal action, however, the matter is on the fall trial calendar whereas in the state court actions, final pretrial memoranda have not yet been filed and, thus, the actions are not yet on the trial calendar.

Thus, the *Colorado River* factors as recognized by *Cone* argue for denying the stay.

*Cone* recognized still an additional factor in favor of maintaining federal jurisdiction: "the fact that federal law provides the rule of decision on the merits." 51 U.S.L.W. at 4162 [460 U.S. at 23, 103 S.Ct. at 941]. In *Cone,* where the issue was arbitration, the Court recognized that federal jurisdiction was concurrent with that of state courts, but emphasized

> that our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.

*Id.* (emphasis original). The Court concluded that the presence of federal law issues "must always be a major consideration weighing against surrender." *Id.* Here, a federal claim is presented under 42 U.S.C. § 1983. Although the Maine state courts are able to apply and enforce this federal law, the *Cone* analysis requires that this be considered as an additional factor for denying the stay.[2]

might have been litigated. *See Isaac v. Schwartz,* 706 F.2d 15 (1st Cir.1983). In this connection, the federal action seems likely to cut a wider swath than either of the two state actions.

I conclude that this case does not present the extraordinary circumstances that *Cone* requires. The Motion to Stay is, therefore, *DENIED.*

## MOTION FOR SUMMARY JUDGMENT

### *The Defendant Sheriff's Qualified Immunity*

The defendants argue that the action against the defendant sheriff should be dismissed as a result of qualified immunity. They rely upon *Harlow v. Fitzgerald,* 457 U.S. 800 [102 S.Ct. 2727, 73 L.Ed.2d 396] (1982), and *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274 [97 S.Ct. 568, 50 L.Ed.2d 471] (1977).

*Harlow* enlarged the category of cases in which summary judgment could be granted to a defendant by holding that if an official's conduct is objectively reasonable "as measured by reference to clearly established law," 457 U.S. at 818 [102 S.Ct. at 2738] or, if the law was not clearly established, summary judgment should be granted for the official. The Court eliminated evidence of malicious intent as a ground for avoiding the qualified immunity defense. A plaintiff must meet the objective standard of showing that the defendant official knew or reasonably should have known that his action would violate the plaintiff's constitutional rights. 457 U.S. at 815–18 [102 S.Ct. at 2737–38]. The elimination of the subjective test thus reduces a plaintiff's ability to recover where the constitutional right at stake is novel even though a defendant official may have been guilty of an egregious abuse of office. Note, *The Supreme Court, 1981 Term,* 96 Harv.L.Rev. 62, 233–34 (1982). Here, however, counsel for the defendants agreed at oral argument that so far as Count I is concerned with respect to the plaintiff's challenge to the basis for his suspension

2. Another *Cone* factor—the probable inadequacy of state-court proceeding to protect the rights in question—is inapplicable here. The Maine state courts are perfectly competent to protect the rights in question.

and dismissal, the constitutional rights raised are not novel. If the plaintiff's allegations that political considerations were at stake are proved, there is thus no debate over whether the defendant knew or reasonably should have known that his conduct would violate the plaintiff's constitutional rights. So far as Count I is concerned, then, *Harlow* is not material.

*Mount Healthy City School District Board of Education* furnishes the critical analysis on this issue. In *Mount Healthy*, the U.S. Supreme Court held that even though constitutionally protected conduct may have played a "substantial part" in an official decision, it would not necessarily amount to a constitutional violation. 429 U.S. at 285 [97 S.Ct. at 575]. Instead, if an employer could prove that it would have engaged in the conduct (in *Mount Healthy*, teacher termination) regardless of the plaintiff's constitutionally protected conduct, then its action must be upheld. 429 U.S. at 285–87 [97 S.Ct. at 575–76]. The defendants here seem to argue that as a result of findings issued by the York County Commissioners in their review of the sheriff's action, they have met the *Mount Healthy* burden. The York County Commissioners found that the plaintiff's conduct required the sheriff to dismiss him regardless of any political motive the sheriff might also have had. The conclusions of the York County Commissioners, however, are not sufficient on this Motion for Summary Judgment to establish that the sheriff would have suspended and terminated the plaintiff regardless of political motives. The plaintiff's affidavit refers directly to statements by the sheriff which support his claim of political motivation. It directly contradicts all other allegations of misconduct on the plaintiff's part. The York County Commissioners' findings and the plaintiff's affidavit, therefore, can only be treated as raising a material issue of disputed fact. Under such circumstances, of course, summary judgment must be denied to the defendant.

With respect to Count II, the procedural due process challenge, the analysis is somewhat different. Although their legal memoranda do not raise the point directly, the defendants at oral argument seemed to make the point that the alleged denial of procedural due process was not clear. Thus, they argued under *Harlow* that the sheriff is entitled to summary judgment because it is not the case that he knew or reasonably should have known that his action would violate the plaintiff's constitutional rights. Although the defendants may be able to make the case that there was no clear constitutional requirement of a pre-termination hearing that meets the objective standard of *Harlow*, the plaintiff's claim goes beyond the issue of hearing and includes the question of notice. I am not prepared to conclude on the present record that the plaintiff was not entitled to some form of notice prior to the suspension or dismissal.

Accordingly, I recommend that the Motion for Summary Judgment with respect to the qualified immunity privilege of the sheriff be DENIED.

### *York County's Defense Under Monell*

The defendant York County argues that it is entitled to summary judgment under *Monell v. Department of Social Services*, 436 U.S. 658 [98 S.Ct. 2018, 56 L.Ed.2d 611] (1978). As the plaintiff concedes, *Monell* held clearly that local government liability under section 1983 may not be based solely upon respondeat superior. For purposes of this Motion for Summary Judgment, moreover, the plaintiff concedes that it was not the "official policy" of York County to termiante employees for political affiliation or activity. Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary p. 7. The plaintiff argues, however, that section 1983 and *Monell* itself speak in terms broader than official policy and include "custom, or usage." *Id.* at p. 8. The plaintiff also argues that the sheriff is not simply an employee but an elected public official and thereby falls into the category of one under *Monell* "whose edicts or acts may fairly be said to represent official policy." 436 U.S. at 694 [98 S.Ct. at 2037].

Finally, the plaintiff argues that the York County Commissioners themselves were involved in the sheriff's decision.

*Monell* distinguishes between the responsibility of a governing body such as the County of York and that of its agents or officials such as the sheriff and the commissioners. The local governing body itself has liability where the action in question "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690 [98 S.Ct. at 2035]. "Official policy" is the touchstone, *id.*, and although *Monell* recognized that custom and usage are also material, it quoted approvingly from Justice Harlan's opinion in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 [90 S.Ct. 1598, 1613–14, 26 L.Ed.2d 142] (1970) that equated custom and usage with practices of state officials that were so permanent and well settled as to have the force of law. 436 U.S. at 691 [98 S.Ct. at 2036]. *Monell*'s reference to activity by one whose acts might be said to represent official policy appears in the following context: "it is when execution of a government's *policy or custom,* whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694 [98 S.Ct. at 2037] (emphasis supplied). Thus, regardless of the sheriff's or, indeed, the commissioners' role, the material question remains whether the action in question amounted to governmental policy or custom. In this regard the defendants have submitted the affidavit of a York County Commissioner who has held office since January 1, 1981. According to her affidavit, at no time during that period has York County had a policy of suspending, terminating, or disciplining any county employee, including sheriff's personnel such as the plaintiff, for political affiliation or political activity conducted off the job. Attached to her affidavit is a copy of the York County Personnel Manual, which is consistent with her affidavit in the sense that its only prohibition of political activities is with respect to such activities during working hours. Attachment to Affidavit of JoAnn O. Lancaster p. 165. Although the affidavit of the plaintiff raises many suggestions that both the sheriff and the county commissioners had political motivations in the decision to suspend and terminate the plaintiff, nothing in the affidavit carries any suggestion that they were implementing policy, custom, or usage of York County. I conclude that the defendant York County is, therefore, entitled to summary judgment under Count I.

With respect to Count II concerning procedural due process, however, the defendants' affidavits contain no suggestion that the method of termination was other than pursuant to county policy. Thus, the defendants are not entitled to summary judgment on this ground unless the Complaint itself fails to state a claim. Although the plaintiff has not specifically pleaded "official policy," I conclude that his allegation that the action was in accordance with the policy of the County of York, Amended Complaint ¶ 7, is sufficient to withstand dismissal under these circumstances where no issue has been raised whether county policy was followed in the procedures used.

Accordingly, I recommend that the defendant County's Motion for Summary Judgment on the basis of *Monell* be GRANTED as to Count I and DENIED as to Count II.

### *Procedural Due Process*

The defendants argue that they are entitled to summary judgment on Count II of the Complaint because the plaintiff has been accorded due process in the availability of state administrative and judicial procedures for review of his suspension and termination. Here those procedures amounted to a hearing before the York County Commissioners and the right to M.R.Civ.P. 80B review. The defendants rely upon *Parratt v. Taylor*, 451 U.S. 527 [101 S.Ct. 1908, 68 L.Ed.2d 420] (1981), which found that state procedures for redress available to a prisoner whose proper-

ty had been taken amounted to due process for purposes of constitutional analysis. The First Circuit, however, has limited *Parratt v. Taylor* to circumstances involving a negligent deprivation of constitutional interests. *Roy v. City of Augusta,* 712 F.2d 1517, 1523–24 n. 6 (1st Cir.1983). Here, the termination of the plaintiff was not negligent but intentional. The defendants argue that although the termination was intentional, the denial of due process was not intentional. Whether or not that is correct, *Roy*'s limitation of *Parratt* to negligent deprivations focuses on the character of the deprivation of the underlying protected property or liberty interest, not on the defendants' intent with respect to due process. I recommend that the defendants' Motion for Summary Judgment on this ground be DENIED.

### Punitive Damages

In *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 [101 S.Ct. 2748, 69 L.Ed.2d 616] (1981), the United States Supreme Court held that punitive damages may not be awarded against local governments in section 1983 actions. The plaintiff has shown no persuasive reason why this principle does not govern his request for punitive damages against the county. Accordingly, I recommend that the request for punitive damages be STRICKEN.

DATED at Portland, Maine, this 8th day of June, 1984.

/s/   D. Brock Hornby
D. Brock Hornby
United States Magistrate