[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
The plaintiff, Times Fiber Communications, Inc. ("Times Fiber") has moved to disqualify the law firm of Pennie Edmonds, and Brian Siff, an attorney with that firm, from representing the defendant, Trilogy Communications, Inc. ("Trilogy"). The plaintiff has based its motion on §§ 3.7(b) and 1.7 of the Rules of Professional Conduct, and claims that the gravamen of this action is the improper conduct of lawyers in the firm of Pennie Edmonds, those lawyers will be called as witnesses in the trial of this action, and since the probity of those lawyers' conduct is in serious question in this case, it will be difficult, if not impossible for Pennie Edmonds to give Trilogy detached advice.
FACTUAL BACKGROUND
Trilogy was the defendant in a patent infringement action commenced by a company named Comm Scope, Inc. ("Comm Scope") in the United States District Court for the District of New Jersey. Times Fiber was not involved as a party in that action. Trilogy, Comm Scope and Times Fiber are all in the business of manufacturing coaxial cables.
In the Comm Scope action, Comm Scope and Trilogy, which was represented by Pennie Edmonds, entered into a Protective Order which precluded the use of all discovery, including deposition testimony, for any purpose outside of the Comm Scope action and the disclosure of this information to anyone other than experts and others connected with the Comm Scope action.
Frederick Wilkenloh is Times Fiber's Director of Engineering. Mr. Wilkenloh is a former employee of Comm Scope. After Comm Scope and Trilogy had already reached an agreement to settle the Comm Scope action, Attorney Dale C. Hogue and Attorney Joseph V. Colaianni, both of the firm of Pennie Edmonds, took the deposition of Mr. Wilkenloh. At the time the Motion to Disqualify was filed, Attorney Colaianni was a partner of Pennie Edmonds and Attorney Hogue was a former associate of that law firm.
Attorneys Hogue and Colaianni did not advise Wilkenloh about the fact that they had reached a settlement with Comm Scope. They CT Page 10121 also failed to advise him that their law firm had already opened a file on behalf of Trilogy for the purpose of commencing a patent infringement lawsuit against Times Fiber. They did advise him of the existence of the Protective Order in the Comm Scope action and assured him that his testimony would be subject to the terms of the Protective Order. At the deposition Attorney Colaianni about Times Fiber's manufacturing processes for coaxial cables and assured him that his testimony would be protected by the terms of the Protective Order.
In its complaint in this action Times Fiber alleges that the purpose of the Wilkenloh deposition was not to procure information relevant to the Comm Scope action, but rather to procure confidential information regarding Times Fiber's manufacturing processes for use against Times Fiber in a patent infringement suit which was subsequently commenced by Trilogy in the United States District Court for the Southern District of Mississippi. It also alleges that Trilogy's subsequent use and disclosure of any information elicited in the Wilkenloh deposition in the Mississippi patent infringement action was in violation of the Protective Order.
Times Fiber's causes of action against Trilogy for misappropriation of trade secrets, violation of the Connecticut Unfair Trade Practices Act, fraud, and abuse of process are all based on the conduct of Pennie Edmonds acting for Trilogy.
RULING
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court."State v. Jones, 180 Conn. 443, 448, 429 A.2d 936 (1980), appeal after remand, 193 Conn. 70 (1984); State v. Powell, 186 Conn. 547,555, 442 A.2d 547 (1982). "The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v.Mackler, 225 Conn. 391, 397, 623 A.2d 489 (1993). Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct. Id. "The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Id. Disqualification of counsel is a remedy that serves both to "`enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information.'" Id., quoting Silver Chrysler Plymouth, Inc. v.CT Page 10122Chrysler Motors Corporation, 518 F.2d 751, 754 (2d Cir. 1975). However, a court must also be solicitous of a client's right to choose his counsel. Bergeron v. Mackler, supra, 397-98. "The competing interests at stake in a motion to disqualify, therefore, are (1) the [moving party's] interest in protecting confidential information; (2) the [objecting party's] interest in freely selecting counsel of [its] choice; and (3) the public's interest in the scrupulous administration of justice." Id., 398.
The rules governing disqualification of an attorney and/or his law firm where the attorney is a necessary witness at a trial are set forth in §§ 3.7, 1.7 and 1.9 of the Rules of Professional Conduct. Rule 3.7, Lawyer As Witness, of the Rules of Professional Conduct provides in pertinent part:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
The defendant has correctly pointed out that a motion to disqualify is often used as a technique for harassment. SeeSorvillo v. Strother, 1993 Conn.Super. Lexis 538
(Judicial District of New London, Hurley, J.). In recognition of such a technique, courts have held that a party may not disqualify opposing counsel merely by stating an intention to call them as a witness and have required the proponents of motions to disqualify to make a strong showing that the testimony of the attorney isnecessary to the prosecution or defense of the action. SeeTropical Suntan Centers, Inc. v. Salvati, 1 CTLR 497, 498 (April 12, 1990, Meadow, J.), DeMarco v. Fire Command, Inc., 2 CTLR 101
(July 27, 1990, Downey, J.).
In this case Times Fiber filed its Motion to Disqualify some two months after the action was commenced, rather than five years after as in Sorvillo v. Strother. Moreover, the court finds that since the alleged misconduct of Attorneys Hogue and Colaianni forms the primary basis for the complaint, Times Fiber has established that their testimony is necessary to this action. CT Page 10123 Thus, both Attorney Hogue and Attorney Colaianni are disqualified from representing Trilogy in this matter.
Rule 3.7(b) governs whether Pennie Edmonds should also be disqualified. That rule provides:
 A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
Rule 1.7b of the Rules of Professional Conduct states in relevant Part:
 A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests. (Emphasis added).
The Comments to Rule 1.7 provide that
 Loyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client. Paragraph (b) addresses such situations. A possible conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client . . . . If the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice.
The lawyer's reasonable belief that a potential conflict with his own interests will not adversely affect his representation of the client is an objective, rather than a subjective belief. The Comment, Consultation and Consent, to Rule 1.7 provides:
 A client may consent to representation notwithstanding a conflict. However, as indicated in . . . . paragraph (b)(1) with respect to material limitations on representation of a CT Page 10124 client, when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer cannot properly ask for such agreement or provide representation on the basis of the client's consent.
In this case the conduct of two attorneys while they were associated with the law firm of Pennie Edmonds is the primarywrongdoing about which the plaintiff complains. Moreover, Trilogy has not denied that such conduct occurred. It has not denied that the deposition of Mr. Wilkenloh was taken by Attorneys Hogue and Colaianni. In its answer to the First Count of the Complaint Trilogy admits that "Counsel for Trilogy's time records demonstrate that Counsel for Trilogy opened a file for its anticipated lawsuit against time Fiber prior to deposing Wilkenloh entitled `Preparation for Litigation Against Times Fiber, USA.'"
Pennie Edmonds cannot reasonably be expected to provide Trilogy with an unbiased assessment of the conduct of Attorneys Hogue and Colaianni in the Comm Scope action and Pennie Edmonds' subsequent conduct in the Mississippi action. From an objective perspective Pennie Edmonds' interest in justifying the actions that it took in the Mississippi and Comm Scope Actions will invariably cloud that law firm's ability to examine alternatives which may be available to Trilogy in this lawsuit. Pennie Edmonds may well be faced with the choice of either implicating its own client as the driving force behind the conduct at issue, or exonerating its client from such conduct by claiming that Pennie Edmonds engaged in it without Trilogy's knowledge or authorization.
The position of Pennie Edmonds in this lawsuit vis-a-vis its own client is so egregiously untenable that it should never have considered entering its appearance for the client in the first place. For the foregoing reasons the Motion to Disqualify is granted.
By the court,
Aurigemma, J. CT Page 10125