STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. RE-10-108
                                                  /Jﾊ] - ﾗ//ﾟ/ﾟﾟ/ﾟﾟﾟ

T.D. BANK, N.A., f/k/a
Banknorth, N.A.

                    Plaintiff,
                                                  ORDER ON MOTION
          v.                                      FOR SUMMARY JUDGMENT

WILLIAM P. KELLY,
SUSAN M. KELLY
and IXTHUS GOLF, INC.,

                    Defendants,

and

HARBORPLACE CONDOMINIUM
ASSOCIATION,

                    Party-In-Interest.


          The plaintiff moves for summary judgment in an action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, et seq. against defendants William Kelly, Susan Kelly,

and Ixthus Golf, Inc. The defendants filed no response.    Regardless of whether the

defendants have filed an objection, however, this motion is subject to Rule 56(j), which

imposes detailed requirements for granting summary judgment in foreclosure actions.

M.R. Civ. P. 56(j). The court has an independent obligation to ensure compliance with

this rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amend.[1] Rule 56(j) states:

_____

[1] The Advisory Committee note states:
    This amendment to Rule 56 is designed to assure that, prior to entry of any
    summary judgment in a foreclosure action, the trial court reviews the record and
    determines that, as required by law, the notice and service requirements of law
    have been complied with and any available mediation has been completed or has
    been waived.
M.R. Civ. P 56(j) advisory committee's note.

1

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

M.R. Civ. P. 56(j). The property at issue in this case is not owner occupied residential property. (Pl.'s S.M.F. ¶ 11.) The service and notice requirements in 14 M.R.S. § 6111 do not apply. See 14 M.R.S. § 6111(1). For the same reasons, mediation is not required. See M.R. Civ. P. 93.

The court finds the following undisputed facts. On March 14, 2006, defendant Ixthus Golf, Inc. executed and delivered to TD Banknorth, N.A., and each successor, owner, and holder of the note, a commercial promissory note in the original principal amount of $250,000.00. (Pl.'s S.M.F. ¶ 3; Pl.'s Ex. A.) On March 8, 2007, defendant Ixthus Golf, Inc. executed and delivered to TD Banknorth, N.A., together with its successors and assigns, a revolving demand note in the original principal amount of $200,000.00. (Pl.'s S.M.F. ¶ 4; Pl.'s Ex. B.) A modification agreement with regard to the March 2007 note was entered on November 20, 2008 by defendant Ixthus Golf, Inc. and TD Bank, N.A., formerly known as TD Banknorth, N.A. (Pl.'s S.M.F. ¶ 4; Pl.'s Ex. C.) Defendant William Kelly executed and delivered to TD Banknorth, N.A. unlimited guarantees on defendant Ixthus Golf, Inc.'s obligations. (Pl.'s S.M.F. ¶ 5; Pl.'s Exs. D & E.)[2]

---

[2] Because William Kelly and Susan Kelly were discharged from bankruptcy on July 21, 2010, the plaintiff does not seek a deficiency against the defendants. Pl.'s S.M.F. ¶ 12; Hirshon Aff. ¶ 2; Hirshon Aff. Ex. A.)

On March 8, 2007, defendants William Kelly and Susan Kelly executed and delivered to TD Banknorth, N.A. a "Commercial Mortgage, Security Agreement and Assignment of Leases and Rents (Mortgage)." (Pl.'s S.M.F. ¶ 6; Pl.'s Ex. F.) Pursuant to these documents, defendants William and Susan Kelly mortgaged their property to secure payment of the $200,000.00 Revolving Demand Note dated March 8, 2007 by Ixthus Golf, Inc. and guaranteed by the Unlimited Guarantee dated March 8, 2007 by defendant William Kelly. (Pl.'s S.M.F. ¶ 6; Pl.'s Ex. F.) This mortgage was subsequently recorded in the Cumberland County Registry of Deeds at Book 25023, Page 64. (Pl.'s S.M.F. ¶ 6.) Defendants William Kelly and Susan Kelly also executed and delivered a condominium rider to TD Banknorth, N.A., which was subsequently recorded in the Cumberland County Registry of Deeds at Book 25023, Page 79. (Id.; Pl.'s Ex. G.)

TD Bank, N.A. f/k/a Banknorth, N.A. has made demand upon the defendants for payment pursuant to the terms of the March 2006 note and the March 2007 note. (Pl.'s S.M.F. ¶ 7.) The defendants have failed and refuse to pay and therefore have breached the terms and conditions of the loan documents and are in default under the terms of their loan documents. (Pl.'s S.M.F. ¶¶ 7, 9.)

As of January 31, 2011, there is due and owing to the plaintiff a total of $327,325.50, including interest and fees.[3] (Pl.'s S.M.F. ¶ 8.) Interest will continue to accrue. (Id.) The plaintiff incurred attorneys' fees and costs in the amount of $6,140.34 through February 1, 2011. (Pl.'s S.M.F. ¶ 13; Hirshon Aff. ¶¶ 4-5; Hirshon Aff. Ex. B.)

---

[3] Under the March 2006 note, the amount due and owing includes principal of $96,789.96, interest of $6,174.71, and late fees of $5,144.04. (Pl.'s S.M.F. ¶ 8.) Per diem interest of $11.43 accrues from January 31, 2011 until judgment and at the rate of 10.25% thereafter. (Id.) Under the March 2007 note, the amount due and owing includes principal of $198,966.67, interest of $19,088.33, and late fees of $1,161.79. (Id.) Per diem interest of $29.02 accrues from January 31, 2011 until judgment and at the rate of 9.25% thereafter. (Id.)

TD Bank, N.A. f/k/a Banknorth, N.A. has not properly certified proof of ownership of the mortgages and the notes. The loan documents were executed and delivered to TD Banknorth, N.A. The change in ownership, if any, from T.D. Banknorth, N.A. to Banknorth, N.A. or TD Bank, N.A. is not addressed in the plaintiff's statement of material facts or in the summary judgment record. Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 5, 770 A.2d 653, 655 ("A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response.")

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Date: May 17, 2011

Nancy Mills
Justice, Superior Court

CUM-RE-10-108

OF COURTS
:rland County
Street, Ground Floor
id, ME 04101

DAVID HIRSON ESQ
208 FORE ST
PORTLAND ME 04101

defs have not appeared

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-10-108
NM - CUM - 11/21/2011

TD BANK, N.A. f/k/a
BANKNORTH, N.A.,

Plaintiff

v.

IXTHUS GOLF, INC., et al.,

Defendants

**ORDER ON MOTION FOR
SUMMARY JUDGMENT**

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 21 2011

RECEIVED

The plaintiff's first motion for summary judgment was denied on May 17, 2011. The plaintiff moves again for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S.A. § 6321, et seq. against William Kelly, Susan Kelly, and Ixthus Golf, Inc. The defendants filed no response. Regardless of whether the defendants have responded, however, this motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j). The court has an independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amend.[1] Rule 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the

---

[1] The Advisory Committee note states:
> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

1

mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

M.R. Civ. P. 56(j). The property at issue in this case is not owner occupied residential property. (Pl.'s S.M.F. ¶¶ 11, 12.) Therefore, the service and notice requirements in 14 M.R.S. § 6111 do not apply. See 14 M.R.S. § 6111(1). For the same reasons, mediation is not required. See M.R. Civ. P. 93.

The following facts are undisputed. On March 14, 2006, defendant Ixthus Golf, Inc. executed and delivered to TD Banknorth, N.A., and each successor, owner, and holder of the note, a commercial promissory note in the original principal amount of $250,000.00. (Pl.'s S.M.F. ¶ 4; Pl.'s Ex. C.) On March 8, 2007, defendant Ixthus Golf, Inc. executed and delivered to TD Banknorth, N.A., together with its successors and assigns, a revolving demand note in the original principal amount of $200,000.00. (Pl.'s S.M.F. ¶ 5; Pl.'s Ex. D.) As the result of a merger, effective May 31, 2008, TD Banknorth, N.A. became known as TD Bank, N.A. (Pl.'s S.M.F. ¶ 1; Pl.'s Ex. B.) Defendant Ixthus Golf, Inc. and TD Bank, N.A, entered a modification agreement with regard to the March 2007 note on November 20, 2008. (Pl.'s S.M.F. ¶ 5; Pl.'s Ex. E.) Defendant William Kelly executed and delivered to TD Banknorth, N.A. unlimited guarantees on both notes. (Pl.'s S.M.F. ¶ 6; Pl.'s Exs. F & G.)[2]

---

[2] The plaintiff does not seek a deficiency against the defendants. (Hirshon Aff. ¶ 2.) The court will take judicial notice of William Kelly and Susan Kelly's discharge from bankruptcy on July 21, 2010. (M.R. Evid. 201; Hirshon Aff. Ex. A.) "When a court enters a judgment containing findings of fact and conclusions of law, those findings become a matter of judicial record. A judge may take judicial notice of any matter of record when the matter is relevant to the proceedings at hand." In re Scott S., 2001 ME 114, ¶ 13, 775 A.2d 1144 (noting an exception if the judgment at issue has been vacated on appeal); Darling v. Am. Graphics Inst., Inc., 2003 Me Super. LEXIS 169, *4 (Aug. 6, 2003) (taking judicial notice of a memorandum and order from the U.S. District Court for the Eastern District of Pennsylvania).

2

On March 8, 2007, defendants William Kelly and Susan Kelly executed and delivered to TD Banknorth, N.A. a "Commercial Mortgage, Security Agreement and Assignment of Leases and Rents (Mortgage)." (Pl.'s S.M.F. ¶ 7; Pl.'s Ex. H.) Pursuant to these documents, defendants William and Susan Kelly mortgaged their property to secure payment of the $200,000.00 Revolving Demand Note dated March 8, 2007 by Ixthus Golf, Inc. and guaranteed by the Unlimited Guarantee dated March 8, 2007 by defendant William Kelly. (Pl.'s S.M.F. ¶ 7; Pl.'s Ex. H.) The mortgage was subsequently recorded in the Cumberland County Registry of Deeds at Book 25023, Page 79. (Pl.'s S.M.F. ¶ 7.) Defendants William Kelly and Susan Kelly also executed and delivered a condominium rider to TD Banknorth, N.A., which was subsequently recorded in the Cumberland County Registry of Deeds at Book 25023, Page 79. (Id.; Pl.'s Ex. I.)

TD Bank, N.A. f/k/a Banknorth, N.A. has made demand upon the defendants for payment pursuant to the terms of the March 2006 note and the March 2007 note. (Pl.'s S.M.F. ¶ 8.) The defendants have failed and refused to pay and, therefore, have breached the terms and conditions of the loan documents and are in default under the terms of their loan documents. (Pl.'s S.M.F. ¶¶ 8, 10.)

As of January 31, 2011, TD Bank, N.A. f/k/a Banknorth, N.A. states that there is due and owing a total of $327,325.50 on the notes, including interest and fees.[3] (Pl.'s S.M.F. ¶ 9.) Interest will continue to accrue. (Id.) The plaintiff incurred attorneys' fees and costs in the amount of $6,140.34 through February 1, 2011. (Pl.'s S.M.F. ¶ 14; Hirshon Aff. ¶¶ 4-5; Hirshon Aff. Ex. B.)

---

[3] Under the March 2006 note, the amount due and owing is principal of $96,789.96, interest of $6,174.71, and late fees of $5,144.04. (Pl.'s S.M.F. ¶ 9.) The per diem interest rate is $11.43 from January 31, 2011 until judgment and 10.25% thereafter. (Id.) Under the March 2007 note, the amount due and owing is principal of $198,966.67, interest of $19,088.33, and late fees of $1,161.79. (Id.) The per diem interest rate is $29.02 from January 31, 2011 until judgment and 9.25% thereafter. (Id.)

3

Based on these facts, the court must determine if the plaintiff has properly certified proof of ownership of the mortgage and the note. Additionally,

> the court shall determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings.

14 M.R.S. § 6322 (2010).

The court finds that the plaintiff has failed to adequately describe the mortgaged property because no address, or any other property description, was provided in the statement of material facts. See Pl.'s S.M.F. ¶ 7; Chase Home Fin., LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508 (requiring the inclusion of "an adequate description of the mortgaged premises, including the street address, if any" in the mortgage holder's statement of material facts for residential mortgage foreclosure.) 14 M.R.S. §§ 2401(3)(D); 14 M.R.S. § 6231. Although the address is listed on the mortgage provided as an exhibit (Ex. H), that property description is not properly before the court. See HSBC Bank USA, N.A. v. Gabay, 2011 ME 101, ¶ 22, 28 A.3d 1158 ("The rule is straightforward. 'Facts not set forth in the statement of material facts are . . . not in the summary judgment record,' even if the fact in question can be gleaned from affidavits or other documents attached to, and even referred to in portions of, a statement of material fact." (quoting Chase Home Fin., 2009 ME 136, ¶ 12 & n.4, 985 A.2d 508)).

Additionally, "the order of priority and those amounts, if any, that may be due to other parties that may appear" was not included, as required, in the statement of facts. 14 M.R.S. § 6322 (2010). In the complaint, the plaintiff lists Harborplace Condominium Association as a party-in-interest; the Association was served with the complaint in March 2010. Later documents do not include any parties-in-interest.

4

Finally, there is no competent evidence in the record regarding whether the defendants William Kelly and Susan Kelly are in the military service. Pl.'s S.M.F. ¶ 4;[4] 50 U.S.C.S. app. § 521(a) (applying the act to all civil actions "in which the defendant does not make an appearance").

The entry is

> The Plaintiff will have 20 days from the date of this order to submit an amended statement of material facts, supported by record references, to address the deficiencies noted above. The Defendants will have the opportunity to respond pursuant to Rules 7(c)(2) and 56(h)(2) & (4).

Date: November 21, 2011

Nancy Mills
Justice, Superior Court

---

[4] The jurat on the affidavits of Attorney Hirshon and Mr. Gerrett does not comply with the requirements of Rule 56. See M.R. Civ. P. 56(e). On certain issues, these affidavits do not "set forth such facts as would be admissible in evidence" and do not "show affirmatively that the affiant is competent to testify to the matters stated therein." Id.; see Hirshon Aff. ¶ 2 (first sentence); Gerrett Aff. ¶¶ 4, 13 (first phrase); see also Beneficial Me. Inc. v. Carter, 2011 ME 77, ¶ 12, 25 A.3d 96 (business records exception to hearsay rule in context of motion for summary judgment; "records will be admissible pursuant to the business records exception to the hearsay rule, M.R. Evid. 803(6), if the foundational evidence . . . is adequate to demonstrate that the employee had sufficient knowledge of both businesses' regular practices to demonstrate the reliability and trustworthiness of the information."); Colby v. York Cnty Comm'rs, 442 A.2d 544, 548 (Me. 1982) ("An affidavit can support a motion for summary judgment if it is made on personal knowledge and shows affirmatively that the affiant is competent to testify to the matters stated therein. . . . In the present context an affidavit is legally insufficient if it is not made on the personal knowledge of the affiant. Also an affidavit made according to the best of the affiant's knowledge and belief is insufficient if the affidavit does not show affirmatively that the affiant had personal knowledge of the matters related therein.")

5

**K OF COURTS**
berland County
y Street, Ground Floor
and, ME 04101

DAVID HIRSHON ESQ
208 FORE ST
PORTLAND ME 04101

*Does not represented*